UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JAMES E. PESCI, | ) | CASE NO. 1:05 CV 755 |
| | ) | |
| Petitioner, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| RICHARD GANSHEIMER, | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

On March 18, 2005, pro se petitioner James E. Pesci filed the above-captioned "Petition for Declaratory Judgment" under 28 U.S.C. § 2201 and FED. R. CIV P. 57 against Lake Erie Correctional Institution Warden Richard Gansheimer. In the petition, Mr. Pesci claims he was denied a speedy trial. He asks this court to declare that his Sixth Amendment right was violated and then apply that holding to override the decision in a prior habeas corpus action, Pesci v. Gansheimer, Case No. 1:03 CV 1796 (N.D. Ohio), which was dismissed with prejudice by United States District Court Judge Kathleen M. O'Malley on March 7, 2005.

**Background**

Three homes in the Wayside Lakes Development in Mentor, Ohio were burglarized on

September 26, 1998. One of the victims arrived home to find a man coming out of his front door. He chased the suspect, and although he was able to get a good look at the suspect's face, he was not able to apprehend the burglar. The victim summoned Mentor police and was able to give them a detailed description of the suspect. Approximately one hour later, the second victim arrived home to discover that his house had also been burglarized. He approached the police officers who were still in his neighborhood investigating the first reported break-in. One of the officers followed the second victim back to his home to make a report. While the officer was observing the damage to the second residence, a man matching the suspect's description darted from the woods. The officer chased the individual and Mr. Pesci was apprehended a few minutes later. The first victim identified Mr. Pesci as the man he saw running from the front door of his home. A third home in the development was subsequently found to have been burglarized that same night.

A complaint was filed against Mr. Pesci by the City of Mentor, charging him with possession of criminal tools and burglary. He appeared in Mentor Municipal Court on September 28, 1998 and posted bond; however, he was immediately picked up by Cuyahoga County Sheriff's Deputies on an outstanding warrant for his arrest on unrelated burglary charges. He was held without bond in the Cuyahoga County Jail.

On December 14, 1998, Mr. Pesci was indicted by the Lake County Grand Jury on three counts of burglary and one count of possessing criminal tools. A warrant of the indictment was issued on that same day and the Lake County Sheriff's Department placed a detainer on the defendant with Cuyahoga County. Based on the indictment, the Mentor Municipal Court entered a <u>nolle prosequi</u> on its case and Mr. Pesci's municipal court case was dismissed.

Mr. Pesci was convicted in Cuyahoga County and sentenced to a term of incarceration. Lake County then acted on its detainer and brought Mr. Pesci to the Lake County Jail on January 26, 2000 to stand trial on the indictment. On March 23, 2000, Mr. Pesci filed a motion to dismiss claiming he had been denied a speedy trial. The motion was denied in April 2000. He was found by a jury to be guilty on all three counts of burglary on January 11, 2001. Mr. Pesci was sentenced on January 16, 2001 to a total of seven years, to be served consecutively to the Cuyahoga County sentence.

On August 27, 2003, Mr. Pesci filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this court, asserting in part, that he was denied a speedy trial. That case, No. 1:03 CV 1796, was assigned to United States District Judge Kathleen M. O'Malley. On March 7, 2005, Judge O'Malley issued a Memorandum of Opinion and Order finding that the state did not violate Mr. Pesci's Sixth Amendment right to a speedy trial, and denied his petition. Mr. Pesci filed this action on March 18, 2005.

Mr. Pesci once again asserts that he was denied a speedy trial in violation of the Sixth Amendment. He claims that the nolle prosequi issued by the Mentor Municipal Court was invalid due to procedural defects and his right to a speedy trial on the Lake County charges was therefore triggered when he was arrested by Mentor police on September 26, 1998, not when he was served with the indictment from the Lake County Court of Common Pleas in January 2000. He asks this court to declare that he was denied a speedy trial, and then apply this finding to Case No. 1:03 CV 1796 to override Judge O'Malley's decision to the contrary.

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364,

3

365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

Federal courts are always "under an independent obligation to examine their own jurisdiction," FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231(1990) and may not entertain an action over which jurisdiction is lacking. See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701 (1982). Mr. Pesci indicates that this action is filed pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, and Rule 57 of the Federal Rules of Civil Procedure. These statutes, however, do not create an independent basis for federal subject matter jurisdiction. Heydon v. Mediaone of Southeast Michigan, 327 F.3d 466, 470 (6th Cir. 2003)(citing Skelly Oil Co. v. Phillips Petroleum, 339 U.S. 667, 671-72 (1950)). They merely provide the court with discretion to provide a certain type of relief if the plaintiff is entitled to judgment under some other federal statute. Id. Therefore, prior to requesting declaratory judgment, Mr. Pesci must supply a well-pleaded complaint which otherwise states a federal question. He has not done so.

As an initial matter, Mr. Pesci cannot relitigate a claim which has been clearly decided on

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

the merits in a prior case. The doctrine of res judicata dictates that a final judgment on the merits of a claim precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 918 F.2d 658, 660 (6th Cir. 1990). It bars relitigation of every issue actually brought before the court and every issue or defense that should have been raised in the previous action. Id. The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. Westwood Chemical Co. v. Kulick, 656 F.2d 1224 (6th Cir. 1981). A subsequent action will be subject to a res judicata bar only if there is an identity of the facts creating the right of action and of the evidence necessary to sustain each action. Both of these requirements are met in this case. Mr. Pesci is precluded from litigating this matter for a second time.

Moreover, because Mr. Pesci is attempting to use this action to attack his state court convictions and sentences, his exclusive federal remedy, if any, is by habeas corpus petition. Preiser v. Rodriguez, 411 U.S. 475 (1973). A declaratory judgment action cannot be used as a substitute for one seeking a writ of habeas corpus. Ruip v. State of Kentucky, 400 F.2d 871, 872 (6th Cir. 1968). Habeas corpus relief, however, is not available. Mr. Pesci has already filed a petition for a writ of habeas corpus which was denied on the merits. A claim presented in a second or successive habeas corpus application under 28 U.S.C. § 2254 that was presented in a prior habeas petition must be dismissed. 28 U.S.C. § 2244(b)(1). Federal subject matter jurisdiction cannot be premised on 28 U.S.C. § 2254. Mr. Pesci has provided no other basis for this court's jurisdiction and there is none apparent from the face of the pleading.

## **Conclusion**

Accordingly, this action is dismissed. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

        /s/Dan Aaron Polster 5/27/05
        DAN AARON POLSTER
        UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.